IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JASON LEE SMITH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:19-CV-015-D |
| | § | |
| DONOVAN SHANE CAROL, | § | |
| | § | |
| Defendant. | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

On January 22, 2019, plaintiff JASON LEE SMITH ("Smith"), a Texas inmate currently confined in a state-jail facility in Dallas, Texas, filed a complaint alleging wrongful conduct by defendant Donovan Shane Carol ("Carol"), owner of Sky Auto Sales, a business apparently located in Texas. The complaint arises out of a January 1-8, 2018 transaction where Smith and Carol reached an alleged contractual agreement for Carol to take over payments of a minivan owned by Smith and his wife and make repairs on such vehicle. Smith and his wife were both thereafter incarcerated on February 28, 2018. Allegedly, Carol then filed a fraudulent mechanical lien on this minivan without completing actual repairs and attempted to sell the vehicle at auction in Oklahoma. [ECF 3]. Smith is suing for the price of the repairs not performed ($650) and for the alleged value of the minivan ($25,000). Smith is proceeding *pro se* and *in forma pauperis*, and his case is subject to screening by the Court.

Although pauper status was granted in this case, summons has not issued. Carol has not been served. Thus, no party has challenged the Court's subject matter jurisdiction at this juncture of proceedings; however, the Court's review of Smith's complaint requires the Court to *sua sponte*, on its own motion, consider this issue.

I.
## THE COURT'S LIMITED JURISDICTION

Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto. *See, e.g., Marbury v. Madison*, 1 Cranch (5 U.S.) 137, 173–180, 2 L.Ed. 60 (1803). For that reason, every federal appellate court has a special obligation to "satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review," even though the parties are prepared to concede it. *Mitchell v. Maurer*, 293 U.S. 237, 244 (1934). The jurisdiction possessed by federal courts as authorized by Constitution and statute cannot "be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Federal courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). A challenge to a court's subject matter jurisdiction "may be raised by a party, or by a court on its own initiative at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506-07 (2006).

The basic statutory grant of federal-court subject-matter jurisdiction is contained in 28 U.S.C. sections 1331 and 1332. Section 1331 provides for "[f]ederal-question" jurisdiction; section 1332 allows for "[d]iversity of citizenship" jurisdiction. A plaintiff properly invokes section 1331 jurisdiction when he pleads a colorable claim "arising under" the Constitution or laws of the United States. *See Bell v. Hood*, 327 U.S. 678, 681–685 (1946). A plaintiff invokes section 1332 jurisdiction when he presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount in controversy. *See* § 1332(a) (the current amount in controversy must exceed $75,000). The burden of proving that complete diversity exists results upon the party who seeks to invoke the court's diversity jurisdiction. *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841

F.2d 1254, 1259 (5th Cir. 1988). Additionally, the party who seeks to invoke this court's diversity jurisdiction must also adequately allege the requisite amount in controversy. *See* § 1332(a). Here, Smith and Carol both *appear* to be citizens of Texas, thus lacking in diversity; however, rather than require Smith to sufficiently clarify the parties' citizenship, the Court notes that Smith has alleged an amount in controversy far below the threshold diversity requirement. Smith has not invoked this Court's diversity jurisdiction because the amount in controversy is not met, regardless of whether the parties possess complete diversity.

A claim invoking federal-question jurisdiction under 28 U.S.C. section 1331 may be dismissed for want of subject-matter jurisdiction if it is not colorable. *Bell*, 327 U.S. at 682–683; *see also Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 89 (1998). The Supreme Court has held that, in order for a claim to arise "under the Constitution, laws or treaties of the United States," "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First National Bank in Meridian*, 299 U.S. 109, 112 (1936). The federal questions "must be disclosed upon the face of the complaint, unaided by the answer." *Id*. at 113. "The complaint itself will not avail as a basis for jurisdiction in so far as it goes beyond a statement of the plaintiff's cause of action and anticipates or replies to a probable defense." *Id*.

## II.
## LACK OF SUBJECT MATTER JURISDICTION

As stated above, Smith has not invoked this Court's limited jurisdiction through the diversity statute. Thus, Smith must, on the face of his complaint, plead a cause of action that "arises" under federal law to be properly before this Court. The Court considered all of Smith's claims to determine if any claims "arise under" federal law. The Court finds Smith has failed to invoke this Court's jurisdiction, as all claims arise under common-law and state law principles.

A. Standard

Rule 12(h)(3) of the Federal Rules of Civil Procedure states "[i]f the court determines *at any time* that it lacks subject matter jurisdiction, the court must dismiss the action." *See Johnston v. United States*, 85 F.3d 217, 218 n.2 (5th Cir. 1996) (emphasis added) ("Our review is not altered by the fact that the defendants did not move for dismissal based on lack of subject matter jurisdiction because any federal court may raise the issue *sua sponte* at any time."); *see also Freeman v. Northwest Acceptance Corp.*, 7554 F.2d 553, 555 (5th Cir. 1985) (stating it is the duty of the court to raise the issue of subject matter jurisdiction sua sponte). The courts found it appropriate in these cases to consider their limited jurisdiction on their own motions.

A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case. *John Corp. v. City of Houston*, 214 F.3d 573, 576 (5th Cir. 2000); *Robinson v. TCI/US W. Communications Inc.*, 117 F.3d 900, 904 (5th Cir. 1997). A court determine whether it lacks subject matter jurisdiction on:

"(1) the complaint alone;

(2) the complaint supplemented by undisputed facts; or

(3) the complaint supplement by undisputed facts plus the court's resolution of disputed facts."

*See Robinson*, 117 F.3d at 904 (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). Dismissal based on the complaint alone presents a "facial attack" that requires the court to merely decide whether the allegations in the complaint, which are presumed to be true, sufficiently state a basis for subject-matter jurisdiction. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1998). "If sufficient, those allegations alone provide jurisdiction." *Id.* "A facial attack requires the court merely to decide if the plaintiff has correctly alleged a basis for subject matter jurisdiction" by examining the complaint's allegations and presuming their truth. *Rodriguez v. Tex. Comm'n on*

*the Arts*, 992 F.Supp. 876, 878 (N.D. Tex. 1998) (citations omitted). Regardless of the nature of attack, the party asserting federal jurisdiction continually carries the burden of proof to show it exists. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam). A dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction "is not a determination on the merits" and "it does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction," such as the appropriate state court. *Id*. Thus, considering subject matter jurisdiction under Rule 12 before consideration of other motions to dismiss or requests for dismissal "prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Id*.

B.  Analysis of Claims Brought by Smith

1.  *Violations of State Law: Breach of Contract*

Suits where "[s]tate contract law controls whether [a defendant's] actions" were a violation of the plaintiff's legal rights "[do] not require any interpretation of federal law." *See Goffney v. Bank of America, N.A.*, 897 F.Supp.2d 520 (S.D. Tex—Houston Sept. 17, 2012). The Supreme Court has never provided a " 'single, precise definition' " of statutory "arising under" jurisdiction. *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 807 (1986) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 2 (1983)). The Supreme Court has, however, identified two types of cases that fall within § 1331. First, a case "arises under" federal law if it appears from the face of a well-pleaded complaint that the cause of action is created by federal law. *See American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257 (1916) (Holmes, J.) ("A suit arises under the law that creates the cause of action."). Second, federal question jurisdiction may exist over a state law cause of action if a well-pleaded complaint establishes that the plaintiff's "right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677 (2006) (quoting *Franchise Tax Bd*., 463 U.S. at 13). The Supreme Court has called this category of federal question cases "special and small."

*Empire*, 547 U.S. at 699. Indeed, the Supreme Court has not "treated 'federal issue' as a password opening federal courts to any state action embracing a point of federal law." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005); *see also Merrell Dow*, 478 U.S. at 813 (holding that the "mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction"). "Instead, the question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable*, 545 U.S. at 314; *see also Singh v. Duane Morris LLP*, 538 F.3d 334, 338 (5th Cir. 2008) ("[F]ederal question jurisdiction exists where (1) resolving a federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities.").

Here, Smith alleges he contracted with Carol to provide repairs on a vehicle and take over payments of a vehicle. Nowhere in the complaint does Smith allege such contractual claims fall under a federal statute, nor does Smith allege any Constitutional violations. Further, Smith's breach of contract claim does not implicate any federal law. State contract law controls whether Carol's claimed actions violated the contract between the parties to provide repairs or assume payments on the vehicle. Therefore, Smith has alleged at least one theory of his breach of contract claim that does not require any interpretation of federal law. Because Smith may prove this claim without requiring a court to interpret federal law, it is not necessary to the overall success of his claim.

2. *Fraudulent Mechanic's Lien*

Smith also alleges Carol agreed to provide repairs on his minivan and Carol failed to provide those repairs. Smith then alleges Carol placed a fraudulent mechanic's lien on the

minivan and attempted to auction the minivan across state lines. As above, from the face of the complaint, Smith has failed to allege these claims "arise under" federal statute, nor has he specified jurisdiction for the lien under the bankruptcy code, 28 U.S.C. § 1334(b), an area of law where federal courts would have jurisdiction over a mechanic's lien. Further, a mechanic's lien for services performed is created under Texas state law, and any claims for fraudulent liens against property fall under state law. *See* Tex. Civ. Pract. & Rem. Code § 12.002(a).

Therefore, the undersigned magistrate judge recommends dismissal of this suit because Smith's claims do not provide this Court with subject-matter jurisdiction, either under the federal question or diversity jurisdiction statutes.

## V.
## RECOMMENDATION

For the above reasons, it is the RECOMMENDATION of the United States Magistrate Judge to the United States Senior District Judge that the complaint [ECF 3] filed by Smith be DISMISSED without prejudice for lack of subject matter jurisdiction.

## VI.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED February 25, 2019.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).